**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| F2VS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SILVAIR, INC.<br><br>Defendant. | CIVIL ACTION NO. ________________<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff F2VS Technologies, LLC (hereinafter, "Plaintiff" or "F2VS"), by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendant Silvair, Inc. (hereinafter, "Defendant" or "Silvair") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent Nos. 7,379,981 (hereinafter, the "'981 Patent"), 8,700,749 (hereinafter, the "'749 Patent"), and 8,855,019 (hereinafter, the "'019 Patent") (collectively, the "Patents-in-Suit"), copies of which are attached hereto as **Exhibits A, B and C,** respectively. Plaintiff is the owner of the Patents-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. F2VS is a limited liability company organized and existing under the laws of the State of Delaware and maintains its principal place of business at 375 Park Avenue, Suite

2607, New York, New York, 10152 (New York County).

3. Based upon public information, Defendant Silvair, Inc. is a corporation duly organized and existing under the laws of the state of Delaware since May 30, 2014.

4. Based upon public information, Defendant Silvair, Inc. has its principal place of business located at 717 Market Street, Suite 100, San Francisco, California, 94103 (San Francisco County).

5. Defendant may be served through its registered agent, Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, Delaware 19901 (Kent County).

6. Based upon public information, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises its products using Silvair's Bluetooth SmartMesh technology, which is integrated into its IoT and Lightview platform (https://silvair.com/solutions/firmware/; https://silvair.com/solutions/platform/), including its Silvair Stack, Silvair App, Silvair Logic, Silvair Cloud, and Silvair Bridge (hereinafter the Accused Products and Services).

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over Silvair because: Silvair has minimum contacts within the State of Delaware and in the District of Delaware; Silvair has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Silvair has sought protection and benefit from the laws of the

State of Delaware and is incorporated there; Silvair regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Silvair's business contacts and other activities in the State of Delaware and in the District of Delaware.

9. More specifically, Silvair, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Delaware, and the District of Delaware. Based upon public information, Silvair has committed patent infringement in the State of Delaware and in the District of Delaware. Silvair solicits customers in the State of Delaware and in the District of Delaware. Silvair has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Silvair's products in the State of Delaware and in the District of Delaware. Silvair is also incorporated in the State of Delaware and in the District of Delaware.

10. Venue is proper pursuant to 28 U.S.C. §1400(b) because Silvair resides in the District of Delaware because of its formation under the laws of Delaware.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Silvair resides in the District of Delaware because of its formation under the laws of Delaware, which subjects it to the personal jurisdiction of this Court.

## BACKGROUND INFORMATION

12. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on May 27, 2008 (the '981 Patent), April 15, 2014 (the '749 Patent), and October 7, 2014 (the '019 Patent) after full and fair examinations. Plaintiff is the owner

of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Silvair for infringement and recover past damages.

13. Based upon public information, Silvair owns, operates, advertises, and/or controls the website https://silvair.com/ through which Silvair advertises, sells, offers to sell, provides and/or educates customers about its products and services that incorporates its Silvair Bluetooth SmartMesh technology, including but not limited to the following products from Silvair: Silvair Stack, Silvair App, Silvair Logic, Silvair Cloud, and Silvair Bridge, each of which are controlled/managed by Silvair's Commissioning and Monitoring platform software package. See **Exhibit D - K**.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,379,981

14. Plaintiff re-alleges and incorporates by reference each of paragraphs 1-13 above.

15. Plaintiff is informed and believes that Silvair has infringed and continues to infringe the '981 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under Silvair's brand, as incorporated into the products identified above. Based upon public information, Silvair has infringed and continues to infringe one or more claims of the '981 Patent, including Claim 1, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-configuring wireless network that incorporates a group of virtual nodes (Silvair Stack and Silvair Bridge equipped devices) (each a "Node") coupled to a gateway (Silvair Logic) to provide a communication access point between the virtual nodes and an external

network (internet) to control and monitor the nodes (*via* the Silvair Logic, Silvair App, and Silvair Cloud). A pictorial example is shown below:




16. Based upon public information, Silvair has intentionally induced and continues to induce infringement of one or more claims of the '981 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Silvair's customers to use the Accused Products and Services in an infringing manner. To the extent that Silvair is not the only direct infringer of the '981 Patent, it instructs its customers on how to infringe the '981 Patent through its support and sales to them, including their government and commercial clients. *See* **Exhibit J** (Billingsley Company office building in Dallas, Texas).

17. Despite knowledge of the '981 Patent as early as the date of service of the Original Complaint in this action, Silvair, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and

services, in a manner which infringes the ’981 Patent. Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a business focus of Silvair.

18. Based upon public information, Silvair specifically intends its customers to use its products and services in such a way that infringes the ’981 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Silvair’s website including information brochures, promotional material, and contact information. *See* **Exhibit J** (Billingsley Company office building in Dallas, Texas); *see also* **Exhibits D through H.**

19. Specifically, Silvair offers design services to select, deploy and integrate Silvair’s products to assist its customers in establishing and using mesh systems. *See e.g.* **Exhibits D through K**. Based upon public information, Silvair knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

20. Silvair’s aforesaid activities have been without authority and/or license from Plaintiff.

21. Plaintiff is entitled to recover from Silvair the damages sustained by Plaintiff as a result of Silvair’s wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. Silvair's infringement of Plaintiff's rights under the '981 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,700,749

23. Plaintiff re-alleges and incorporates by reference each of paragraphs 1-13 above.

24. Plaintiff is informed and believes that Silvair has infringed and continues to infringe the '749 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under Silvair's brand, as incorporated into the products identified above. Based upon public information, Silvair has infringed and continues to infringe one or more claims of the '749 Patent, including Claim 1, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-configuring wireless network that incorporates a group of virtual nodes (Silvair Stack and Silvair Bridge equipped devices) (each a "Node") coupled to a gateway (Silvair Logic) to provide a communication access point between the virtual nodes and an external network (internet) to control and monitor the nodes (*via* the Silvair Logic, Silvair App, and Silvair Cloud)). A pictorial example is shown below:




25. Based upon public information, Silvair has intentionally induced and continues to induce infringement of one or more claims of the ’749 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Silvair’s customers to use the Accused Products and Services in an infringing manner. To the extent that Silvair is not the only direct infringer of the ’749 Patent, it instructs its customers on how to infringe the ’749 Patent through its support and sales to them, including their government and commercial clients. *See* **Exhibit J** (Billingsley Company office building in Dallas, Texas).

26. Despite knowledge of the ’749 Patent as early as the date of service of the Original Complaint in this action, Silvair, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the ’749 Patent. Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a

business focus of Silvair.

27. Based upon public information, Silvair specifically intends its customers to use its products and services in such a way that infringes the ’749 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Silvair’s website including information brochures, promotional material, and contact information. *See* **Exhibit J** (Billingsley Company office building in Dallas, Texas); *see also* **Exhibits D through H.**

28. Specifically, Silvair offers design services to select, deploy and integrate Silvair’s products to assist its customers in establishing and using mesh systems. *See e.g.* **Exhibits D through K**. Based upon public information, Silvair knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

29. Silvair’s aforesaid activities have been without authority and/or license from Plaintiff.

30. Plaintiff is entitled to recover from Silvair the damages sustained by Plaintiff as a result of Silvair’s wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31. Silvair’s infringement of Plaintiff’s rights under the ’749 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate

remedy at law, unless enjoined by this Court.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 8,855,019**

32. Plaintiff re-alleges and incorporates by reference each of paragraphs 1-13 above.

33. Plaintiff is informed and believes that Silvair has infringed and continues to infringe the ’019 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under Silvair’s brand, as incorporated into the products identified above. Based upon public information, Silvair has infringed and continues to infringe one or more claims of the ’019 Patent, including Claim 1, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-configuring wireless network that incorporates a group of virtual nodes (Silvair Stack and Silvair Bridge equipped devices) (each a “Node”) coupled to a gateway (Silvair Logic) to provide a communication access point between the virtual nodes and an external network (internet) to control and monitor the nodes (*via* the Silvair Logic, Silvair App, and Silvair Cloud). A pictorial example is shown below:



34. Based upon public information, Silvair has intentionally induced and continues to induce infringement of one or more claims of the ’019 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Silvair’s customers to use the Accused Products and Services in an infringing manner. To the extent that Silvair is not the only direct infringer of the ’019 Patent, it instructs its customers on how to infringe the ’019 Patent through its support and sales to them, including their government and commercial clients. *See* **Exhibit J** (Billingsley Company office building in Dallas, Texas).

35. Despite knowledge of the ’019 Patent as early as the date of service of the Original Complaint in this action, Silvair, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the ’019 Patent. Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a business focus of Silvair.

36. Based upon public information, Silvair specifically intends its customers to use its products and services in such a way that infringes the ’019 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Silvair’s website including information brochures, promotional material, and contact information. *See* **Exhibit J** (Billingsley Company office building in Dallas, Texas); *see also* **Exhibits D through H.**

37. Specifically, Silvair offers design services to select, deploy and integrate

Silvair's products to assist its customers in establishing and using mesh systems. *See e.g.* **Exhibits D through K**. Based upon public information, Silvair knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

38. Silvair's aforesaid activities have been without authority and/or license from Plaintiff.

39. Plaintiff is entitled to recover from Silvair the damages sustained by Plaintiff as a result of Silvair's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

40. Silvair's infringement of Plaintiff's rights under the '019 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

41. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

42. Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Silvair;

B. An adjudication that Silvair has induced infringement of one or more

claims of the Patents-in-Suit based upon post-filing date knowledge of the Patents-in-Suit;

C. An award of damages to be paid by Silvair adequate to compensate Plaintiff for Silvair's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Silvair's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Silvair and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F. Any further relief that this Court deems just and proper.

Dated: June 10, 2019

Respectfully submitted,

Stamoulis & Weinblatt, LLC

*/s/ Stamatios Stamoulis*

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

***Attorneys for Plaintiff F2VS Technologies, LLC***

***Of Counsel***
James F. McDonough, III (Bar No. 117088, GA)
Jonathan R. Miller (Bar No. 507179, GA)
Travis E. Lynch (Bar No. 162373, GA)
**HENINGER GARRISON DAVIS, LLC**
3621Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, 0863, 0867
Facsimile: (205) 547-5502, 5506, 5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com